**Ansar Waris MUJTABA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73705.

Agency No. A27–220–449.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided May 19, 2004.

Peter L. Ashman, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Counsel, U.S. Immigration & Naturalization Service, Phoenix, AZ, Terri J. Scadron, Joshua E. Braunstein, DOJ–U.S. Department

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

### MEMORANDUM***

■ We deny Ansar Waris Mujtaba's petition for review. The Immigration Judge ("IJ") found that Mujtaba was not credible, and also alternatively held that even if his version of events were taken as true, he had not established eligibility for asylum. Mujtaba's brief is devoted to challenging the IJ's credibility determination, but he fails to explain why the IJ's ruling on the merits of his asylum claim is not supported by substantial evidence. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that petitioner had waived issue by failing to discuss issue in body of opening brief).

■ Even if we assume Mujtaba has not waived the issue entirely, substantial evidence supports the IJ's decision. The two or three rally incidents described by Mujtaba do not rise to a level of past persecution. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995) (concluding there was no past persecution where petitioner was arrested, hit, kicked, and detained for four to six hours). Mujtaba also admitted that he had never been arrested or threatened with arrest for his political activities and stated only that he had heard through a friend that there was a chance of his being arrested when he left Pakistan. In addition, his parents remained in Pakistan for thirteen years after his departure without incident, and Mujtaba was able to return to visit them in 1987 without encountering any trouble.

■ The only argument in Mujtaba's brief which remotely pertains to the merits of his asylum claim involves the imposition of economic disadvantage on Mohajirs in Pakistan. However, the generic discrimination Mujtaba describes in his testimony—a limited number of spots for Mohajirs at universities and a difficulty advancing to high levels in employment— is "not the type of economic deprivation that rises to the level of persecution." *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). Substantial evidence supports the IJ's conclusion that Mujtaba did not establish an objectively reasonable fear of future persecution should he return to Pakistan.

PETITION DENIED.

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.